IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENECON CORPORATION<br>6 Platinum Court<br>Medford, New York 11763-2251,<br><br>Plaintiff,<br><br>vs.<br><br>JOAN MARGARIT RABASA<br>Calle Muntanya 18, casa 12<br>E-08960 Barcelona, Spain,<br><br>MARTA TORNER SOLÁ<br>Calle Muntanya 18, casa 12<br>E-08960 Barcelona, Spain,<br><br>and<br><br>PROENECON SYSTEMS, S.A.<br>Calle Sant Gervasi de Cassoles<br>96-98 entlo 3<br>E-08022 Barcelona, Spain,<br><br>Defendants. | Civil Action No.<br><br>FILED<br>IN CLERK'S OFFICE<br>U.S. DISTRICT COURT E.D.N.Y.<br>★  JAN 0 4 2011  ★<br>LONG ISLAND OFFICE<br>(SI)<br><br>CV-11 0024<br><br>WEXLER, J.<br><br>LINDSAY, M. |

**COMPLAINT**

Plaintiff Enecon Corporation for its complaint alleges that -

1. This is an action for (1) a declaratory judgment of ownership of trademark rights by plaintiff in the trademarks ENECON, ENEFLOW and related trademarks and for an assignment to plaintiff by defendants of Community Trademark Office trademark registrations and a trademark application and Spain trademark registrations filed by defendants for plaintiff's trademarks, including the trademarks ENECON, ENEFLOW and related trademarks, and (2) breach of contract.

## PARTIES

2. Enecon Corporation ("Enecon") is a Delaware corporation authorized to do business in the State of New York and having its principal place of business at 6 Platinum Court, Medford, New York 11763-2251.

3. On information and belief, defendant Joan Margarit Rabasa, also known as Juan Margarit and Juan Margarit i Rabasa, ("Rabasa") is a citizen of Spain and has an address at Calle Muntanya 18, casa 12, E-08960 Barcelona, Spain.

4. On information and belief, defendant Marta Torner Solá ("Solá") is a citizen of Spain and has an address at Calle Muntanya 18, casa 12, E-08960 Barcelona, Spain.

5. On information and belief, defendant Proenecon Systems, S.A. ("Proenecon") is a corporation of Spain and has a place of business at Calle Sant Gervasi de Cassoles, 96-98 entlo 3, E-08022 Barcelona, Spain.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred on this Court by 28 U.S.C. §1332 and 28 U.S.C. §§2201 and 2202. The matter in controversy exceeds the value or sum of $75,000, exclusive of interest and costs.

7. Venue is proper under 28 U.S.C. §1391(a) and (c).

8. Defendants are subject to the jurisdiction of this Court by virtue of having, inter alia, transacted business in this judicial district.

## FACTUAL ALLEGATIONS

9. Enecon is in the business of the manufacture and sale of various advanced polymer technologies for use in industry, including for rebuilding, resurfacing and protecting

fluid flow components and plant structures; and magnetic circuit products for the treatment of fluids, liquids and gases (hereafter collectively "the Enecon Products").

10. Enecon owns and uses the trademark ENECON as its house brand trademark for all of its products and services, including the Enecon Products. Enecon owns and uses other product brand trademarks for the specific Enecon Products, including the trademarks ENEFLOW, METALCLAD, DURALLOY, DURAGRIP, SPEEDALLOY, CERAMALLOY, FLEXICLAD, DURATOUGH, CHEMCLAD, ENECRETE, DURAQUARTZ, DURAFILL, ENESEAL, ENECLAD, SUPERBOND and PALMER/ENECON (hereafter "the Enecon Brand Trademarks").

11. Enecon sells its products in the United States and throughout the world through various distributors who enter into Distributorship Agreements with Enecon. Enecon manufactures and labels the Enecon Products and delivers the products to its distributors based on purchase orders from the distributors. Enecon retains control over the quality of the Enecon Products and the use thereof by its distributors. These distributors are granted a license pursuant to the Distributorship Agreement and their relationship with Enecon to use the ENECON trademark and the Enecon Brand Trademarks in promoting the Enecon Products during the term of the agreement. Enecon retains ownership of the ENECON trademark and the Enecon Brand Trademarks.

12. On or about May 1, 1996, Enecon entered into an exclusive distributorship agreement for Spain with defendant Rabasa ("the 1996 Agreement") under which Enecon appointed Rabasa to distribute and promote, among other products, the ENECON and ENEFLOW products and systems within Spain. Rabasa agreed to act as Enecon's exclusive, authorized distributor of the Enecon products for Spain pursuant to the terms of the

Distributorship Agreement. Rabasa acknowledged in the Distributorship Agreement that Enecon was the owner of the ENECON trademark and the Enecon Brand Trademarks and was authorized to use these trademarks solely pursuant to and during the term of the Distributorship Agreement.

13. The 1996 Agreement provides in part that:

2. ...DISTRIBUTOR agrees to act in good faith and to avoid all circumstances and actions which would place it in a position of divided loyalty with respect to the obligations hereunder to ENECON.

3. ...DISTRIBUTOR shall not undertake any sales promotion without ENECON's express prior approval...

5. ENECON grants DISTRIBUTOR the exclusive privilege to sell all purchasers in the Territory...

9. ENECON shall have available supplies of advertising literature and other marketing and technical support to encourage and facilitate the sale of ENECON's Products...

12. Upon termination of this Agreement, DISTRIBUTOR shall immediately eliminate from all its private and public names, publications and notices all references to ENECON's name and/or trademarks. DISTRIBUTOR shall not at any time after termination of this Agreement for any cause use any name, trademark, trade name, style or get-up similar to ENECON's nor use any name which resembles the name ENECON, ENEFLOW, PALMER or PALMER/ENECON so as to cause deception or confusion.

13. If ENECON or DISTRIBUTOR at any time during the term of this Agreement shall be guilty of any grave misconduct or misrepresentation, such misconduct will empower the other party to terminate this Agreement forthwith...

Accordingly, defendants understood, acknowledged and agreed that Enecon owned the ENECON trademark and the Enecon Brand Trademarks and that they had no rights therein.

14. The 1996 Agreement further provides at paragraph 20 that "[t]his Agreement may be assigned, with ENECON's approval, to a corporation which DISTRIBUTOR will form in the future." On information and belief, Rabasa formed defendant Proenecon and Rabasa is a principal of Proenecon.

15. On or about March 1, 2008, Enecon entered into a Distributorship Agreement with defendant Proenecon Systems, S.A. ("the 2008 Agreement") for France, Luxembourg, Andorra and the French speaking portion of Belgium, not including Flanders, under which Enecon appointed Proenecon to distribute and promote the Enecon Products. Proenecon agreed to act as Enecon's exclusive, authorized distributor of the Enecon Products for France, Luxembourg, Andorra and the French speaking portion of Belgium, not including Flanders, pursuant to the terms of the Distributorship Agreement. Proenecon acknowledged under the Distributorship Agreement that Enecon was the owner of the ENECON trademark and the Enecon Brand Trademarks and was authorized to use these trademarks solely pursuant to and during the term of the Distributorship Agreement.

16. The 2008 Agreement provides in part that:

2. ...DISTRIBUTOR agrees to act in good faith and to avoid all circumstances and actions, which would place it in a position of, divided loyalty with respect to the obligations hereunder to ENECON.

3. ...DISTRIBUTOR shall not undertake any sales promotion without ENECON's express prior approval...

5. ENECON grants DISTRIBUTOR the privilege to sell all purchasers in the Territory...

9. ENECON shall have available supplies of advertising literature and other marketing and technical support to encourage and facilitate the sale of ENECON's Products...

12. Upon termination of this Agreement, DISTRIBUTOR shall immediately eliminate from all its private and public names, publications and notices all references to ENECON's name and/or trademarks and/or trade names. DISTRIBUTOR shall not at any time after termination of this Agreement for any cause use any name, trademark, trade name, style or get-up similar to ENECON's nor use any name which resembles the names ENECON, ENEFLOW, METALCLAD, DurAlloy, DuraGrip, SpeedAlloy, CeramAlloy, FLEXICLAD, DuraTough, CHEMCLAD, ENECRETE, DuraQuartz, DuraFill, ENESEAL, ENECLAD, SuperBond, PALMER/ENECON or any other trademark or trade name used by ENECON, so as to cause deception or confusion.

      13. If the DISTRIBUTOR at any time during its association with ENECON shall be guilty of any grave misconduct or misrepresentation, such misconduct will be deemed a breach of this Agreement...

Accordingly, defendants understood, acknowledged and agreed that Enecon owned the ENECON trademark and the Enecon Brand Trademarks and that they had no rights therein.

      17.    On information and belief, Rabasa applied to register the Enecon trademark ENEFLOW in the Community Trademark Office on May 25, 2007 and the Community Trademark Office issued Registration No. 5701362 ("the '362 registration") for the trademark ENEFLOW to Rabasa on July 1, 2008. Rabasa did not obtain the consent of Enecon to register Enecon's ENEFLOW trademark. Enecon has requested that Rabasa assign the '362 registration to Enecon or cancel the '362 registration, and Rabasa has refused to do so alleging that he owns the ENEFLOW trademark, contrary to, inter alia, the 1996 and 2008 Distributorship Agreements.

      18.    On information and belief, Rabasa applied to register the Enecon trademark ENEFLOW in the Spain Trademark Office on January 13, 1997 and the Spain Trademark Office issued Registration No. M2067770 ("the '770 registration") for the trademark ENEFLOW to Rabasa on August 1, 1997. Rabasa did not obtain the consent of Enecon to register Enecon's ENEFLOW trademark. Enecon has requested that Rabasa assign the '770 registration to Enecon or cancel the '770 registration, and Rabasa has refused to do so alleging that he owns the ENEFLOW trademark, contrary to, inter alia, the 1996 and 2008 Distributorship Agreements..

      19.    On information and belief, Solá is the wife of Rabasa. On further information and belief, Rabasa on behalf of Solá applied to register the Enecon trademark ENECON in the Spain Trademark Office on May 3, 1999 and the Spain Trademark Office issued Registration No. M2231607 ("the '607 registration") for the trademark ENECON to Solá on January 16, 2000. Rabasa and Solá did not obtain the consent of Enecon to register Enecon's ENECON trademark.

Enecon has requested that Rabasa have Solá assign the '607 registration to Enecon or cancel the '607 registration, and Rabasa has refused to do so alleging that he through his wife owns the ENECON trademark, contrary to, inter alia, the 1996 and 2008 Distributorship Agreements.

20. On information and belief, Rabasa on behalf of Solá applied to register the Enecon trademark ENECON in the Community Trademark Office on February 10, 2006 under Application No. 4741419 ("the '419 application"). This application is currently pending in the Community Trademark Office and is being opposed by a third party. Rabasa and Solá did not obtain the consent of Enecon to register Enecon's ENECON trademark in the Community Trademark Office. Enecon has requested that Rabasa have Solá assign the '419 application to Enecon or withdraw the application, and Rabasa has refused to do so alleging that he through his wife owns the ENECON trademark, contrary to, inter alia, the 1996 and 2008 Distributorship Agreements.

21. On information and belief, Rabasa on behalf of Solá applied to register the Enecon trademark ENECON in the Spain Trademark Office on November 30, 2007 and the Spain Trademark Office issued Registration No. M2802626 ("the '626 registration") for the trademark ENECON to Solá on June 16, 2008. Rabasa and Solá did not obtain the consent of Enecon to register Enecon's ENECON trademark. Enecon has requested that Rabasa have Solá assign the '626 registration to Enecon or cancel the '626 registration, and Rabasa has refused to do so alleging that he through his wife owns the ENECON trademark, contrary to, inter alia, the 1996 and 2008 Distributorship Agreements.

22. On information and belief, Proenecon applied to register the trademark PROENECON in the Community Trademark Office on January 23, 2001 and the Community Trademark Office issued Registration No. 2050946 ("the '946 registration") for the trademark

7

PROENECON which incorporates Enecon's trademark ENECON and is confusingly similar thereto. Proenecon did not obtain the consent of Enecon to register the PROENECON trademark which incorporates the ENECON trademark. Enecon has requested that Proenecon assign the trademark PROENECON registered in the '946 registration to Enecon or to cancel the '946 registration, and Proenecon and Rabasa have refused to do so alleging that they own the ENECON trademark, contrary to, inter alia, the 1996 and 2008 Distributorship Agreements.

23. Enecon is the owner of the trademarks ENECON and ENEFLOW for Spain and Europe and as applied for by the defendants and specifically referenced in paragraphs 17 through 22 above. Defendants had no right or authority to apply for registration or to register Enecon's trademarks ENECON and ENEFLOW as referenced in paragraphs 17 through 22 above.

## COUNT I
### For Declaratory Judgment Of Ownership And Assignment Of Trademark Rights

24. Enecon incorporates each and every allegation of paragraphs 1 through 23 above as if fully set forth herein.

25. As stated, Enecon is the owner of the trademarks ENECON and ENEFLOW for Europe and Spain and as applied for registration and/or registered by the defendants.

26. Enecon requests that the Court declare that Enecon is the owner of the trademarks ENECON and ENEFLOW for Europe and Spain as applied for registration and/or registered by the defendants and order that the defendants assign to Enecon the registrations and application set forth in paragraphs 17 through 22.

## COUNT II
### For Breach Of Contract

27. Enecon incorporates each and every allegation of paragraphs 1 through 26 above as if fully set forth herein.

28. Defendants have breached the 1996 Agreement and the 2008 Agreement by applying to register and/or registering the ENECON and ENEFLOW trademarks in Europe and Spain as set forth in paragraphs 17 through 22.

29. Defendants have breached the 1996 Agreement and the 2008 Agreement, including by not acting in good faith and taking actions of divided loyalty with respect to their obligations to Enecon.

30. Defendants have breached the 1996 Agreement and the 2008 Agreement by misrepresenting that they are the owners of the ENECON and ENEFLOW trademarks in applying to register and/or registering the ENECON and ENEFLOW trademarks in Europe and Spain as set forth in paragraphs 17 through 22.

31. Enecon has been damaged by defendants breach of the 1996 Agreement and the 2008 Agreement in an amount to be determined.

WHEREFORE, plaintiff Enecon prays that this Court enter judgment against defendants as follows:

A. That defendants be preliminarily and permanently enjoined from assigning, transferring, licensing or otherwise disposing of the aforesaid trademark registrations and trademark application during the pendency of this lawsuit;

B. That defendants be preliminarily and permanently enjoined from using the ENECON trademark and the Enecon Brand Trademarks without the authorization of Enecon during the pendency of this lawsuit;

C. That defendants be required to assign to Enecon the aforesaid trademark registrations and trademark application referenced in this Complaint;

  D. That defendants be required to assign to Enecon any other applications or registrations for any other Enecon trademark applied for or registered by defendants;

  E. That defendants have breached the 1996 Agreement and the 2008 Agreement by applying to register and/or registering the Enecon trademarks referenced in this Complaint;

  F. That defendants be required to pay damages to Enecon in an amount to be determined for their improper application and registration of the Enecon trademarks and for their breach of the 1996 Agreement and the 2008 Agreement;

  G. That defendants be required to pay Enecon's attorney fees in this action; and

  H. That the Court order such other relief as it deems just and appropriate.

          Respectfully submitted,

          ENECON CORPORATION

         By _____
         Kevin E. Balfe
         BALFE & HOLLAND, P.C.
         135 Pinelawn Road, Suite 125N
         Melville, New York 11747
         Telephone (631) 501-1000
         Facsimile (631) 501-7699
         Email KBalfe@BalfeHolland.com

January 4, 2011       Attorneys for Plaintiff

Of Counsel:

Theodore A. Breiner (VSB No. 20531)
Jennifer A. Harchick (VSB No. 65847)
BREINER & BREINER, L.L.C.
115 North Henry Street
Alexandria, Virginia 22314
Telephone (703) 684-6885
Facsimile (703) 684-8206
Email tbreiner@bbpatlaw.com